UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [40].

Plaintiff Essex Insurance Company ("Essex") brings this action for declaratory relief asserting that it has no coverage obligations to its insureds, Defendants Insider Productions, LLC ("Insider") and Centinela Valley Union High School District ("District"). (Dkt. 40). Insider has neither opposed Essex's motion nor joined in the District's opposition. For the reasons stated below, the Court GRANTS the motion.

**I.     Factual Background**

Insider rented from District the premises located at 14901 Inglewood Avenue, Lawndale, California, to be used on July 19, 2014, for the Binibining Philipinas USA 2014 Beauty Pageant ("Beauty Pageant"). Plaintiff's Statement of Undisputed Facts ("SUF") 1. Lovely Tanglao ("Ms. Tanglao") participated in the Beauty Pageant as a contestant. SUF 2.

**A.  The Injury**

Ms. Tanglao alleges that as she "was exiting the stage after the conclusion of the pageant . . . , she stepped into the . . . negligently lowered orchestra pit and fell violently to the ground, causing her to sustain serious injuries including, *inter alia*, a fractured left scapula and head trauma with a resultant concussion, *et cetera*." SUF 3. Ms. Tanglao's mother, Lalaine Giambona ("Ms. Giambona"), and her brother, Lemuel Tanglao ("Mr. Tanglao"), allege that when Ms. Tanglao fell, they "contemporaneously

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

witnessed the injuries [Ms. Tanglao] sustained" and, as a result, suffered emotional distress. SUF 4. Neither Ms. Giambona nor Mr. Tanglao sustained any physical injury, took any medication, obtained any medical services, or incurred any medical expenses due to the incident. SUF 5.

Ms. Tanglao, Ms. Giambona, and Mr. Tanglao sued Defendants Insider and District in an action entitled, *Tanglao, et al v. Insider Productions, et al.*, California Superior Court, Los Angeles County, Case No. BC585273 ("Underlying Action"). SUF 6. Ms. Tanglao brought a single cause of action for premises liability, and Ms. Giambona and Mr. Tanglao brought a single cause of action for negligent infliction of emotional distress. SUF 7, 8.

### B. The Insurance Policy

On July 3, 2014, Insider applied for commercial general liability insurance for the Beauty Pageant. SUF 9.[1] The terms and conditions on the application stated: "I/We understand this policy is designed to cover only the people attending the event in which you have purchased the policy for as pertaining to the policy conditions. This policy will not cover any participants, employees, volunteers, or individuals compensated by the insured." SUF 9.

Essex extended coverage to Insider for the period of July 13, 2014 to July 20, 2014 under Essex Policy No. 3DS5402-M665904 ("Policy"). SUF 10.

The Policy sets forth the following language in paragraph 11:

> We [Essex] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

SUF 11.

---

[1] To the extent that Defendants contend a dispute exists as to the date of the insurance application (i.e., July 3, 2014 or August 29, 2014), this dispute is immaterial. The parties do not dispute that the insurance policy itself was issued and effective at the time of the Beauty Pageant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
| Title | Essex Insurance Company v. Insider Productions, LLC et al | | |

The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. SUF 12.

The Forms Schedule on the Policy also lists an endorsement entitled, "SPECIAL EVENTS AND SPECTATOR LIABILITY EXCLUSIONS." SUF 14. The endorsement is two-pages long. At the top of the endorsement, it also states "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." The endorsement provides:

> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury":
> . . .
> Arising out of participating, in any capacity, in a demonstration, exhibition, contest, competition, show, race, performance, game or other special event. This exclusion applies to any person and includes, but is not limited to: participants, musicians, entertainers, mechanics, drivers, stewards, officials, attendants, independent contractors, "volunteer workers", "employees", or to any person employed on or about the premises.

SUF 16.

### C. Additional Insured Endorsement

District was extended coverage as an additional insured under the Policy. SUF 10. The Schedule in the Additional Insured Endorsement identifies the name of the additional insured as:

> Centinela Valley Union High School Dist. District, its officers, agents, and employees are all insured for all liability arising out of the operations by or on behalf of Insider Productions. 14901 South Inglewood Avenue Lawndale, CA 90260.

(Declaration of Carlynn Goodman ("Goodman Decl."), Ex. 2, p. 072).

The Additional Insured Endorsement modifies the Policy as follows:

Section II – Who Is An Insured is amended to include as an additional insured the person(s) or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your [Insider's] acts or omissions or the acts or omissions of those acting on your behalf:

A. In the performance of your ongoing operations; or
B. In connection with your premises owned by or rented to you.

(*Id.*).

District received a Certificate of Liability Insurance for the Essex Policy, which identified the Certificate Holder as:

Centinela Valley Union High School Dist. District, its officers, agents, and employees are all insured for all liability arising out of the operations by or on behalf of Insider Productions. 14901 South Inglewood Avenue Lawndale, CA 90260.

(Declaration of Robert Kostrenich ("Kostrenich Decl."), Ex. 1).

## II. Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

*v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### III. Discussion

Where a liability insurer is defending an action under a reservation of rights and subsequently believes there is no potential for coverage, it may bring a declaratory relief action to obtain a judicial determination that it has no coverage obligations. *Great American Ins. Co. v. Sup. Ct.*, 178 Cal. App. 4th 221, 225 (2009). "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action. *Montrose Chemical Corp. v. Sup. Ct.*, 6 Cal. 4th 287, 301 (1993). "By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." *Id.* at 302.

Under California law, interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 5 (1995). "The 'clear and explicit' meaning of the[ ] provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *Id.* at 18. While a policy provision is considered ambiguous when it is capable of two or more reasonable constructions, courts will not "strain to create an ambiguity where none exists." *Id.* at 18-19. If contractual language is clear and explicit, it governs. *Powerine Oil Co., Inc. v. Sup. Ct.*, 37 Cal. 4th 377, 390 (2005).

Provisions that take away or limit coverage reasonably expected by an insured must be "conspicuous, plain and clear." *Haynes v. Farmers Ins. Exchange*, 32 Cal. 4th 1198, 1204 (2004). Therefore, such a provision "must be placed and printed so that it will attract the reader's attention. Such a provision also must be stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Id.* "The rule applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for a claim purportedly excluded." *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 647 (2003).

### A. Ms. Tanglao's Claim is Not Covered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

In the Underlying Action, Ms. Tanglao alleges that as she was exiting the stage after the conclusion of the pageant, she stepped into the lowered orchestra pit and fell to the ground, sustaining serious injuries. Ms. Tanglao has brought a single cause of action for premises liability against Insider and District.

The Policy unambiguously excludes coverage for Ms. Tanglao's claim. The two-page endorsement entitled, "SPECIAL EVENTS AND SPECTATOR LIABILITY EXCLUSIONS" provides:

> This insurance does not apply to "bodily injury", . . . [a]rising out of participating, in any capacity, in a . . . contest, competition, show . . . or other special event. This exclusion applies to any person and includes, but is not limited to: participants . . . ."

Here, Ms. Tanglao was a participant in the Binibining Philipinas USA 2014 Beauty Pageant. Ms. Tanglao suffered bodily injury when she fell from the stage resulting in a fractured left scapula and head trauma with a resultant concussion. Ms. Tanglao's fall arose out of[2] participating in a contest, competition, show, or other special event (i.e., the Beauty Pageant).[3]

---

[2] Under California law, the phrase "arising out of" "does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability and connotes only a minimal causal connection or incidental relationship." *John Davler, Inc. v. Arch Ins. Co.*, 229 Cal. App. 4th 1025, 1035 (2014). Here, a minimal causal connection exists between Ms. Tanglao's injury and her participation in the Beauty Pageant.

[3] District's reliance on the concurrent causation doctrine is also inapplicable. Under this doctrine, where an accident results from the concurrence of independent causes, coverage exists if the insured risk constitutes a proximate cause of the third party's injuries even if the excluded risk is a concurrent proximate cause. *See State Farm Mut. Auto Ins. v. Partridge*, 10 Cal. 3d 94, 104-05 (1973). However, this rule only applies when "true concurrent causes, each originating from an independent act of negligence, simultaneously join together to produce injury." *Garvey v. State Farm Fire & Casualty Co.*, 48 Cal. 3d 395, 399 (1989).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

Moreover, assuming District had an objectively reasonable expectation of coverage,[4] the exclusion is conspicuous, plain, and clear. An exclusion is conspicuous "when it is positioned and printed in a manner that will attract the reader's attention." *Brown v. Mid-Century Ins. Co.*, 215 Cal. App. 4th 841, 856 (2013). Exclusions must be conspicuous in their location within the policy, in their print size, and in relation to the density of the entire contract. *See Ponder v. Blue Cross of Southern California*, 145 Cal. App. 3d 709, 722-23 (1983). For example, in *National Insurance Underwriters v. Carter*, the California Supreme Court found that an exclusion was conspicuous when it was located in a section of the policy under the bold face heading, "EXCLUSIONS," in print of the same size and density as the rest of the policy. 17 Cal. 3d 380, 384-85 (1976). Similarly, in *Palub v. Hartford Underwriters Insurance Company*, an exclusion was found to be conspicuous where it was only one page long, it was set forth in bold print in all capital letters and in type of reasonable size, and the cover sheet of the policy warned policyholders to "read your policy carefully" and stated that the attached endorsements could limit coverage. 92 Cal. App. 4th 645, 652 (2001) (disapproved on other grounds in *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747 (2005)).

Here, the exclusion is listed in the Forms Schedule of the policy and appears as part of a two-page endorsement under the bold face heading: "SPECIAL EVENTS AND SPECTATOR LIABILITY EXCLUSIONS." The title is set forth in all capital letters and in the largest type size on the page. Above the title, the following also appears in bold print: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." This warning is set forth in all capital letters and in the second largest type size on the page. The remainder of the endorsement is printed in readable and

---

[4] The Court is skeptical that District had a reasonable expectation of coverage. District largely conflates its reasonable expectation with that of Insider, and argues that Mildred Deang ("Ms. Deang"), the agent for Insider who applied for the Policy, subjectively believed that the Policy would cover everyone at the Beauty Pageant including spectators, contestants, employees, and staff. However, when Ms. Deang applied for the Policy, the terms and conditions clearly stated: "I/We understand this policy is designed to cover only the people attending the event in which you have purchased the policy for as pertaining to the policy conditions. This policy will not cover any participants, employees, volunteers, or individuals compensated by the insured." Thus, an objectively reasonable insured would understand that it was purchasing coverage as to spectators only. Even if District articulated a different basis for its own reasonable expectation of coverage as an additional insured, as discussed further below, the exclusion was conspicuous, plain, and clear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | Essex Insurance Company v. Insider Productions, LLC et al | | |

adequately-spaced print, and is organized in a clear format. Therefore, the Court finds the exclusion conspicuous as a matter of law.

The exclusion is also plain and clear. To be "plain and clear," the policy language must be "precise and understandable" to the average layperson. *See Haynes*, 32 Cal. 4th at 1204. As the Court outlined above, the policy clearly and unambiguously excludes coverage for bodily injury sustained by a participant in a contest, competition, or show. A layperson would understand that Ms. Tanglao was a "participant," that the Binibining Philipinas USA 2014 Beauty Pageant constitutes a "contest, competition, or show," that Ms. Tanglao's fractured left scapula and head trauma constitute "bodily injuries," and that Ms. Tanglao's injuries "arose out of" her participation in the Beauty Pageant. District does not identify any language in the exclusion that is illogical, confusing, or incomprehensible to a layperson. Therefore, the Court finds the exclusion plain and clear as a matter of law.

In sum, the exclusion unambiguously bars coverage for Ms. Tanglao's claim and is conspicuous, plain, and clear. Therefore, the Court finds that Essex has no coverage obligation for Ms. Tanglao's claim in the Underlying Action.

### B. Ms. Giambona and Mr. Tanglao's Claim is Not Covered

In the Underlying Action, Ms. Giambona and Mr. Tanglao allege that when Ms. Tanglao fell, they witnessed the injuries she sustained and, as a result, suffered emotional distress. Ms. Giambona and Mr. Tanglao have brought a single cause of action for negligent infliction of emotional distress.

The Policy does not provide coverage for Ms. Giambona's and Mr. Tanglao's claim as a matter of law. The parties do not dispute that the Policy covers only "bodily injury," which is defined as "bodily injury, sickness or disease sustained by a person. . . ." Moreover, the parties do not dispute that Ms. Giambona and Mr. Tanglao did not suffer any physical injury themselves. Under California law, the vast majority of courts have held that claims for emotional distress, unaccompanied by physical injury, are not covered under a policy for "bodily injury." *See, e.g., Aim Ins. Co. v. Culcasi*, 229 Cal. App. 3d 209, 220 (1991) ("Given the clear and ordinary meaning of the word 'bodily,' we find the term 'bodily injury' unambiguous. It means physical injury and its consequences. It does not include emotional distress in the absence of *physical* injury.") (emphasis original); *see also Chatton v. Nat'l Union Fire Ins. Co.*, 10 Cal. App. 4th 846, 854 (1992) ("The cases overwhelmingly hold that the phrase 'bodily injury, sickness or disease' is plain and unambiguous and that coverage under the bodily injury clause is

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
|---|---|---|---|
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

limited to physical injury to the body and does not include nonphysical, emotional or mental harm."); *Devin v. United Services Auto. Ass'n*, 6 Cal. App. 4th 1149, 1161 n.10 (1992) ("A claim for mental distress unaccompanied by physical injury is not 'bodily injury' within the terms of a liability policy.").[5]

Therefore, the Court finds that Essex has no coverage obligation for Ms. Giambona's and Mr. Tanglao's claim in the Underlying Action.

### C. District's Coverage as an Additional Insured

A substantial portion of District's opposition relies on its status as an additional insured under the Policy. While analyzing an insurer's duty to defend an additional insured requires looking to the reasonable expectation of coverage of the additional insured, rather than that of the named insured, as discussed above, District conflates its coverage expectations with that of Insider and, even if it did not, the exclusion is conspicuous, plain, and clear. *See Transport Ins. Co. v. Sup. Ct.*, 222 Cal. App. 4th 1216, 1225 (2014). District's remaining arguments are also unavailing.

District contends that there was no "meeting of the minds" between District and Essex because there is no evidence that District read or received a copy of the Policy, including the exclusion. However, District does not provide any authority for the proposition that an insurer must deliver the actual policy to an additional insured. An additional insured does not form a separate contract with an insurer. Rather, "[t]he additional insured's interest in the policy is regarded as coextensive with that of the named insured unless the policy includes a severability of interests clause. Accordingly, the additional insured enjoys the full benefits of the policy despite any restrictions contained in a separate contractual agreement with the insured, as well as being subject to all policy exclusions." Couch on Insurance 3d § 126:7 (2015); *see also Oakland Stadium v. Underwriters at Lloyd's, London*, 152 Cal. App. 2d 292, 296 (1957) (finding an additional insured bound by an exclusion contained in a policy issued to the named insured although the additional insured had not seen the policy and was unaware of the contents of the policy); *Pardee Const. Co. v. Ins. Co. of the West*, 77 Cal. App. 4th 1340, 1347 n.2 (2000) (noting that additional insureds "often do not receive the actual endorsement, but rather are notified by way of a certificate of insurance" that a policy has been issued); *Merced Cnty. Mut. Fire Ins. Co. v. State of California*, 233 Cal. App. 3d 765, 775

---

[5] District's contention that Ms. Giambona's and Mr. Tanglao's non-bodily injury is covered because it is derivative of Ms. Tanglao's bodily injury also lacks merit. Ms. Tanglao, Ms. Giambona, and Mr. Tanglao possess individual and separate claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

(1991) ("An additional insured added by endorsement is a third-party beneficiary of the insurance contract . . . . As such, the third-party beneficiaries' rights are derivative").[6]

District also asserts that the present motion is premature because its coverage depends on factual determinations to be made in the Underlying Action. Based on the language in the Certificate of Liability Insurance, District contends that it is covered for all liability arising out of the operations by Insider.[7] Therefore, the jury in the Underlying Action must be permitted to first determine whether Insider is liable, in which case District is entitled to coverage.

District's argument is flawed for several reasons. First, "[a] certificate of insurance is merely evidence that a policy has been issued. . . . It is not a contract between the insurer and the certificate holder." *See Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal. App. 4th 1410, 1423 n.25 (1997). Therefore, the language contained within the Certificate of Liability Insurance does not grant District broader coverage than is available under the Policy. Second, if the Court instead analyzes the same language which appears in the Additional Insured Endorsement, it is still clear that District is not entitled to the broad coverage it seeks (i.e., coverage for any liability arising out of Insider's operations). The Additional Insured Endorsement identifies District as the additional insured and provides that District is covered "but only with respect to liability . . . caused, in whole or in part, by [Insider's] acts . . . ." (Goodman Decl., Ex. 2, p. 072). In other words, coverage is provided to District but is limited to the conduct of Insider's actions and does not include District's independent liability or actions.[8] *See Acceptance Ins. Co. v. Syufy*

---

[6] Moreover, District's argument would arguably lead to an invalidation of the entire Policy as to District, not simply the exclusions.

[7] "Centinela Valley Union High School Dist. District, its officers, agents, and employees are all insured for all liability arising out of the operations by or on behalf of Insider Productions. 14901 South Inglewood Avenue Lawndale, CA 90260." (Kostrenich Decl., Ex. 1). This language also appears in the Additional Insured Endorsement identifying the name of the additional insured. (Goodman Decl., Ex. 2, p. 072).

[8] This is further confirmed by District's own reference to a letter dated April 23, 2015 from the authorized claims examiner for Essex. He stated, "it is our understanding that Insider . . . had no control over the stage and orchestra pit area. [District] controlled the height controls and also was supposed to provide security around the pit. **These would be liability issues for [District], not Insider**" and "finally, [District] . . . is an additional insured under this policy **but only with respect to liability caused by the named insured**."

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09762-SVW-RAO | Date | June 29, 2016 |
| Title | *Essex Insurance Company v. Insider Productions, LLC et al* | | |

*Enterprises*, 69 Cal. App. 4th 321, 329-30 (1999) (comparing "arising out of" language, which provides coverage without regard to whether the injury was caused by the named insured or additional insured, and "only with respect to acts or omissions of the named insured" language, which excludes coverage for the additional insured's own acts). Any coverage, however, is necessarily limited by the coverage available under the Policy. It defies reason to assert, as District does, that an endorsement which merely identifies an additional insured to an existing policy, and does not create a separate insurance contract between an additional insured and an insurer, somehow provides separate and complete vicarious liability insurance without regard to any of the terms, conditions, and exclusions of the underlying policy.

Accordingly, the jury's factual determinations in the Underlying Action are logically unrelated to the issue of coverage here. Regardless of how the jury assigns fault to the parties, the Policy does not provide coverage for Ms. Tanglao's, Ms. Giambona's, and Mr. Tanglao's claims.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Essex's motion in its entirety. The parties shall file a proposed judgment consistent with this order.

---

(Def. Opp., at 4) (emphasis added).

:

Initials of Preparer

PMC